GILBERT B. JAEGER
*vs.*
EDWARD C. CUTTING

Knox. Opinion, August 10, 1956.

*Harmon & Nichols*, for plaintiff.
*Silsby & Silsby*, for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

MURRAY, A. R. J. This is a tort action for injury caused to the plaintiff by the negligence of the defendant's agent.

At the close of the plaintiff's case the presiding justice directed a verdict for the defendant, to which the plaintiff took exceptions.

The facts are that the plaintiff was a County Agricultural Agent and he wanted to experiment as to the growing of clover. It was arranged between him and the defendant that the day that the defendant was to harrow his field and prepare it for seeding, he was to call the plaintiff. On the day in question he did call the plaintiff who came to defendant's farm for the purpose of planting the seeds which were used in the experiment.

The plaintiff, through the University of Maine, was to furnish the seed and the defendant was to harvest and own the crop. Shortly after the plaintiff arrived at the field, the defendant arrived. The defendant's servant was on the field riding a tractor, to the rear of which was attached a disc harrow.

The plaintiff, defendant, and the agent of the defendant were standing on the ground, the plaintiff and defendant at the left side of the tractor and two or three feet from it. The tractor at that time was not moving. The driver of the tractor left the ground and went to the seat on the tractor and started it in motion. The plaintiff remained where he was, as did the defendant. The plaintiff was back to the tractor and the defendant facing it, they were discussing the planting. When the tractor started to move, the plaintiff turned his head towards the tractor without moving his body. He saw that the tractor would pass him without striking him, then turned to again face the defendant and

continue the discussion. The tractor passed him, but swung to its right and the harrow made some sort of a pivot turn and struck him in the knee causing the injury complained of. But for the fact of the turning, there was room for it to pass the plaintiff without hitting him.

The presiding justice gave no reason why verdict was directed. The evidence is not contradicted.

The plaintiff contends that he was upon the field of the defendant, by both implied and direct invitation of defendant on business from which defendant was to profit, therefore, defendant owed him the duty not to damage him by negligence. Plaintiff also contended that plaintiff was in nowise negligent.

It is the law that the plaintiff must show himself to be free from contributory negligence. It is also the law that if the plaintiff sustains his contention as above, that he can recover. *Shaw Admx.* v. *Piel,* 139 Me. 57, 27 Atl. (2nd) 137.

The defendant contends that plaintiff was guilty of contributory negligence and also that plaintiff was a licensee and failed to produce evidence of wilful, wanton conduct by defendant. He does not appear to deny that if plaintiff was an invitee, defendant would owe him the duty not to cause him harm by negligence.

We are not, at this time, called upon to, nor do we, decide what duty would be owed by defendant if plaintiff was a licensee.

This court is of the opinion that a jury from this evidence could have found:

That the plaintiff, as alleged, was an invitee.

That the defendant, through his servant or agent, the driver of the tractor, was negligent in running the harrow against the plaintiff.

That plaintiff was free from contributory negligence.

Verdict should not be directed for defendant if any reasonable view of the evidence would allow a recovery by plaintiff. *Talia* v. *Merry,* 130 Me. 414.

*Exceptions sustained.*